**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES SEBEK, | Civil Action No. 14-774 |
| Plaintiff, | |
| v. | Judge Joy Flowers Conti |
| HOSS'S STEAK AND SEA HOUSE, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, Defendant expects to provide with its Rule 26(f) Initial Disclosures and Plaintiff expects to request through discovery, the disclosure of employment related files and documents regarding current and/or former employees ("employment records"), in the above-captioned action (the "Action"), pursuant to the Federal Rules of Civil Procedure, which contain information that is not available to the public and not readily determinable from other sources;

WHEREAS, the Parties will notice and take depositions, which may require the disclosure of material which is confidential and sensitive;

NOW, THEREFORE, pursuant to the stipulation of the Parties, it is hereby STIPULATED, ADJUDGED, and DECREED that:

1. "Confidential Information" is defined as (1) the employment records of non-Parties and Parties, (2) medical information of non-Parties and Parties or (3) any private identifying information of non-Parties and Parties.

2. The Stipulation of Confidentiality shall apply to any writings, documents, recordings, electronically stored information, responses to discovery requests,

1

deposition testimony, court testimony, or any other information that a Party designates as "Confidential Information."

3. The restrictions applicable to the information shall apply equally to any copies or other reproduction.

4. Except as hereinafter provided, Confidential Information shall be used only for purposes necessary to the litigation of claims in this Action and not for any other purpose or for any other judicial or administrative proceeding, dispute, or case.

5. Confidential Information may be disclosed only to a "Qualified Person," unless otherwise expressly provided in this Stipulation. "Qualified Person" to receive Confidential Information shall mean:

> (a) the Parties, counsel for the Parties, employees of such counsel assigned to and necessary to assist such counsel in the preparation of litigation;
>
> (b) the Court's staff and employees in connection with this Action;
>
> (c) any court reporter or typist rendering services for recording or transcribing of testimony in this Action or any outside independent reproduction firm rendering reproduction services in this Action; or
>
> (d) such other persons or organizations as the Parties agree in writing may have access to the Confidential Information.

6. Documents designated as Confidential Information may be disclosed to any person who (a) appears as an author or addressee on the face of the document; (b) was responsible for providing the content of the document; or (c) had possession of or access to the document by virtue of their position with Defendant.

7. A person receiving Confidential Information shall provide the Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this Stipulation and only for the purposes authorized herein.

8. In the event it becomes necessary to show any of the Confidential Information to a witness at a deposition, a Party may require that the Confidential Information be disclosed only after the witness acknowledges in writing or orally on the record that he or she has read this Stipulation and agrees to be bound by its terms. That portion of any deposition transcript, including attached exhibits, or other discovery, which disclose or incorporate the Confidential Information, shall be treated according to the terms of this Stipulation. If Confidential Information is to be used, quoted, described, and/or referred to, in whole or in part, in any deposition, the Parties retain the right to restrict the attendees at any such proceeding to persons to whom disclosure of Confidential Information is permitted under this Stipulation, during only those portions of the deposition when such Confidential Information is being discussed.

9. Before a Party files any motion, brief, pleading or other filing in this Action in which Confidential Information will be quoted or otherwise disclosed, counsel shall redact all names and other identifying information. In each instance where the Party asserting confidentiality believes that the redaction of identifiers is insufficient to serve the purpose of confidentiality and that further measures are necessary to protect Confidential Information, the Party seeking confidentiality shall confer prior to the use of the document(s). If the Parties are unable to reach an agreement, the Party opposing the use of the document(s) shall have 14 days to file an appropriate motion with the court or otherwise seek court intervention. If the opposing Party fails to approach the

court in a timely manner, the other Party may proceed with using such documents in court filings, at hearings or in depositions so long as identifying information is redacted.

10. In the event a Party inadvertently discloses Confidential Information, that Party shall upon learning of the disclosure:

    (a) immediately notify the non-disclosing Parties that the disclosure was made; and

    (b) immediately make all reasonable efforts to preclude further dissemination or use by the person to whom disclosure was inadvertently made.

11. Except as otherwise provided in this Stipulation, any and all Confidential Information produced during discovery in this Action shall be retained in the custody of counsel for the Parties in a secure place to prevent inadvertent disclosure.

12. Within thirty (30) days after the completion of this Action, the Confidential Information and all copies thereof, except those that are in the custody of the Court, shall be returned to the producing Party or destroyed (and certified by affidavit as having been returned or destroyed) by any Party or person in possession thereof.

13. The provisions of this Stipulation are not intended and should not be construed to conflict with or violate any applicable federal or local rule of civil procedure.

Respectfully submitted:

| | |
|---|---|
| /s/ *Nikki Velisaris Lykos* | /s/ *Michael J. Wagner* |
| Nikki Velisaris Lykos | Michael J. Wagner |
| NVLykos@rothmangordon.com | mwagner@wagfinn.com |
| Pa. I.D. No. 204813 | Pa. I.D. No. 39364 |
| | |
| Rothman Gordon, P.C. | Wagner & Finn |
| 310 Grant Street, Third Floor | 153 Lakemont Park Boulevard |
| Pittsburgh, PA 15219 | Altoona, PA 16602 |
| Tel: (412) 338-1121 | (814) 944-4700 Tel. |
| Fax: (412) 246-1721 | (814) 944-3705 Fax |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

The foregoing Stipulation is hereby approved by the Court as a Protective Order this __14th__ day of __October__, 2014

.
                                                            /s/ Joy Flowers Conti

Date: __October 14__, 2014

ND: 4842-9412-1759, v. 1 | 61697-001